UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL ALAN WILLIS,

    Petitioner,

                          CASE NO. 2:02-CV-72436
    v.                        JUDGE BERNARD A. FRIEDMAN
                           MAGISTRATE JUDGE PAUL J. KOMIVES

CAROL R. HOWES,

    Respondent.
_____/


**OPINION AND ORDER: (1) GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE 23 PAGE PLEADING (docket #77); (2) DENYING PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY (docket #78); (3) DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (docket #76); and (4) DENYING AS MOOT PETITIONER'S MOTIONS TO STAY TIME FOR FILING REPLY AND FOR IMMEDIATE CONSIDERATION (docket #79, #80 & #81)**

I.    OPINION

A.    *Background*

Petitioner Michael Alan Willis is a state prisoner, currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. On June 25, 1993, petitioner was convicted of first degree felony murder, MICH. COMP. LAWS § 750.316; armed robbery, MICH. COMP. LAWS § 750.529; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a jury trial in the Macomb County Circuit Court. On September 14, 1993, petitioner was sentenced to a mandatory term of life imprisonment without possibility of parole on the murder conviction, a concurrent term of life imprisonment on the armed robbery conviction, and a mandatory consecutive term of two years' imprisonment on the felony-firearm conviction. Petitioner's convictions arise from the robbery and murder of Sam Youkhanna, the owner of Joseph's Keg Beer and Wine party store, on January 20, 1999. The principal evidence against

petitioner consisted of eyewitness testimony identifying him as the perpetrator, in particular the testimony of Jim Berlin, an employee of the party store, and Michael Crafard and Bob Tanalski, who were sitting in a car outside the store at the time of the crime.

Following the conclusion of his state court appeals and post-conviction proceedings, petitioner filed an application for the writ of habeas corpus in this Court on June 12, 2002. Petitioner's application presented various ineffective assistance of counsel claims as well as a claim that the prosecution suppressed exculpatory evidence in the form of (a) a North Caroline driver's license photograph of petitioner shortly before the crime and (b) evidence regarding a palm print found at the scene of the crime. On April 25, 2003, the Court granted the respondent's motion to dismiss, concluding that petitioner's habeas application was barred by the statute of limitations contained in 28 U.S.C. § 2244(d). The Court denied petitioner's request for a certificate of appealability on June 30, 2003, and the Sixth Circuit denied a certificate of appealability on March 9, 2004. *See Willis v. Jones*, No. 03-1805 (6th Cir. Mar. 9, 2003). On April 25, 2007, petitioner filed a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b). The Court denied the motion on May 10, 2007. The Sixth Circuit, however, granted petitioner's request for a certificate of appealability and partially reversed. Specifically, the Sixth Circuit held that the Court had erred in denying petitioner's Rule 60(b) motion with respect to his claim relating to the newly discovered palm print evidence, concluding that the claim was timely raised under 28 U.S.C. § 2244(d)(1)(D), because the factual predicate of that claim could not have been discovered until the palm print record was disclosed to petitioner on June 24, 1998. *See Willis v. Jones*, 329 Fed. Appx. 7, 16-17 (6th Cir. 2009). Accordingly, the Sixth Circuit remanded the matter to this Court for consideration of petitioner's "habeas application to the extent that its claims for relief are based on the 1998

disclosure of the palmprint record." *Id*. at 18. Accordingly, only this claim is currently before the Court.

On May 18, 2009, I entered an Order requiring respondent to file an answer addressing the still-pending claim by July 20, 2009, and granting petitioner the right to file a reply within 30 days of receipt of respondent's answer. Respondent filed her answer on July 20, 2009. On November 12, 2009, I filed a Report recommending that the Court deny petitioner's habeas application. I reasoned that the record failed to show that the State Police actually ran a comparison between petitioner's palm print and the palm print recovered from the scene and that the State Police report had not been suppressed because it was brought out at trial. *See* R&R, at 8-9. I explained, therefore, that "the only potentially suppressed evidence was the fact that petitioner's palm print was, in fact, on file with the State Police at the time the recovered palm print was sent to the State Police laboratory for identification." *Id*. at 9. I then concluded that, as so viewed, petitioner could not establish that the suppressed evidence was material in the sense of creating a reasonable probability that the result of the proceeding would have been different had the evidence not been suppressed. *See id*. at 9-11. On December 2, 2009, with no objection to the Report having been filed, the Court adopted the Report and entered judgment in favor of respondent.

Petitioner subsequently filed two motions to recall the Report, asserting that he had previously filed motions to appoint counsel, to conduct discovery, and to stay the time for filing his reply. On December 14, 2009, the Court vacated its Judgment and returned the matter to me with instructions to hear and determine petitioner's non-dispositive motions and then issue a revised Report and Recommendation. This Opinion addresses petitioner's pending non-dispositive motions, to wit: (1) motion for leave to file 23 page pleading (docket #77); motion for discovery (docket #78);

motion for appointment of counsel (docket #76); and motions for stay of time to file reply and for immediate consideration of his pending motions (docket #79-81). Petitioner's motion for leave to file a 23 page brief does not require discussion, and will be granted. The motion for discovery and brief in support which are the subject of the motion to exceed the page limits is considered below.

B.  *Motion for Discovery*

Petitioner seeks leave to conduct discovery of five categories of documents: (1) records of the Eastpointe Police Department; (2) records of the Federal Bureau of Investigation generated during the Bureau's investigation of petitioner's interstate flight; (3) records of the North Carolina State Police; (4) records of the City of Raleigh Police Department; and (5) any and all television news reports relating to murder with which he charged or the kidnapping of Deanna Seifert. The Court concludes that the discovery sought by petitioner is not warranted.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Here, petitioner cannot establish "good cause" for discovery because the information he seeks will not develop facts which will bear on whether he is entitled to habeas relief. With respect

4

to each category of documents sought by petitioner, he argues that the information sought will help him establish his actual physical appearance did not match that of the perpetrator, *See* Br. in Supp. of Mot. for Discovery, at 15, 18, 19, 20, 21, 22, or that the eyewitnesses failed to identify him, *see id*. at 22, 23. Any claims relating to these matters, however, are no longer pending before the Court. The Court concluded that petitioner's claims were untimely under the statute of limitations, and the Sixth Circuit did not disturb this conclusion save for petitioner's claim relating to the suppression of the palm print identification card. The only issue still before the Court is whether the suppressed palm print evidence was material. In assessing the materiality of this evidence, the Court's task is to determine whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987). In making the materiality determination,

> [a]lready-disposed-of habeas claims are not properly before [the Court], and may not be considered in [the Court's] assessment of the [suppressed evidence's] materiality. . . . [The Court] also cannot consider newly-raised claims which, in effect, seek to re-try this case. . . . As [the Court] review[s] the record for the purpose of assessing the *Brady* materiality of the [suppressed evidence], [it] simply cannot allow that review to expand into an unlimited re-trial of this entire case, in which [the Court] consider[s] newly-raised claims or . . . in which [the Court] consider[s] already-disposed-of claims.

*Banks v. Thaler*, 583 F.3d 295, 312-13 (5th Cir. 2009). Petitioner's attempt to uncover evidence which would support his previously dismissed habeas claims, or otherwise call into question his guilt, is inappropriate. The only issue before the Court is whether the suppressed palm print evidence was material in light of the evidence actually presented at trial. Thus, the discovery sought by petitioner would not have the potential to advance his one remaining claim, and therefore he has failed to establish good cause for discovery under Rule 6. Accordingly, petitioner's motion for leave

5

to conduct discovery will be denied.

C.  *Motion for Appointment of Counsel*

Petitioner also seeks appointment of counsel, contending that counsel is necessary to conduct discovery in this case and to adequately present his legal claim. There is no constitutional right to counsel in habeas proceedings. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Appointment of counsel in a habeas proceeding is generally appropriate only if an evidentiary hearing is required or exceptional circumstances deprive the petitioner of the means to adequately investigate, prepare, or present a colorable claim. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). Petitioner has clearly and adequately presented his claim relating to the palm print evidence and, as discussed above, no discovery is necessary to adjudicate his claim. Accordingly, petitioner is not entitled to appointment of counsel.

D.  *Remaining Motions*

In his remaining motions, petitioner seeks a stay pending discovery, and immediate consideration of his pending motions. In light of this Order, petitioner's motion for immediate consideration is now moot. Likewise, in light of the Court's denial of petitioner's motion for leave to conduct discovery, his requests for a stay of the time to file a reply pending discovery is also moot. Accordingly, these motions will be denied. Petitioner will be afforded an opportunity to file an additional reply, as set forth in the Order which follows.

II.  ORDER

In view of the foregoing, it is ORDERED that: (1) petitioner's motion for leave to file a 23 page brief is hereby GRANTED; (2) petitioner's motions for leave to conduct discovery and for appointment of counsel are hereby DENIED; and (3) petitioner's motions for stay and for immediate

6

consideration are hereby DENIED AS MOOT. It is further ORDERED that petitioner may file a reply brief no later than **June 18, 2010**

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 5/4/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 4, 2010.
>
>                         s/Eddrey Butts
>                         Case Manager