UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALAN WILLIS,

    Petitioner,                                                  Civil Action No. 02-CV-72436

vs.                                                           HON. BERNARD A. FRIEDMAN

CAROL R. HOWES,

    Respondent.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        This matter is presently before the court on Magistrate Judge Paul J. Komives' Report and Recommendation ("R&R") [docket entry 93], in which he recommends that the court deny the petition for a writ of habeas corpus and that the court decline to issue a certificate of appealability. Plaintiff has filed timely objections.

        Having reviewed the file, the R&R and petitioner's objections, the court is persuaded that the magistrate judge has correctly analyzed the *Brady* issue as it relates to the palm print evidence. As the magistrate judge correctly notes, petitioner must show that the evidence in question was suppressed, exculpatory or impeaching, and material. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). For the reasons explained in the R&R petitioner has failed to make this showing either as to the existence of his own palm prints or as to any comparison between his palm prints and that taken from the crime scene. Plaintiff's palm prints are not themselves either exculpatory/impeaching or material. Moreover, plaintiff's palm prints were taken by a county sheriff's department in 1980, *see* R&R at 8-9, and plaintiff must therefore himself have been aware of their existence. Evidence is not "suppressed" if it is independently available to defendant. *See,*

*e.g., Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000).

Plaintiff's palm prints have potential probative value only if compared with a palm print from the crime scene and no match was found. As noted by the magistrate judge, there is no evidence that the prosecution ever made any such comparison. At most, petitioner has shown that a state police analyst requested petitioner's palm prints, not that a comparison was actually made or that, if made, no match was found. Nor could the existence if such a comparison, assuming it was ever made, have been used to impeach Officer Calabrese, the Eastpoint police officer in charge of the investigation who testified at trial, as his only knowledge of the palm print evidence came from the state police report, which he had no part in preparing.

Nor, for the reasons articulated by the magistrate judge, *see* R&R at 12-13, has petitioner shown that any aspect of the palm print evidence was material, that is, that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987). The jury convicted petitioner on the strength of the testimony of three witnesses who stated they saw him at the scene of the crime. The jury was not persuaded by petitioner's alibi or by the lack of physical evidence connecting him to the crime – including fingerprints gathered at the scene which did not match petitioner's. Under these circumstances, it is not reasonably likely that the jury would have acquitted petitioner had the jury known that his palm prints were on file and that they might have been compared to one gathered from the crime scene. Accordingly,

IT IS ORDERED that the magistrate judge's R&R is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing is denied.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2011
        Detroit, Michigan